1   BRUCE A. SCHEIDT, State Bar No. 155088
    GREGORY J. FISHER, State Bar No. 198004
2   KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
    A Professional Corporation
3   400 Capitol Mall, 27th Floor
    Sacramento, CA  95814-4416
4   Telephone: (916) 321-4500
    Facsimile: (916) 321-4555

5
    Attorneys for Defendant WACHOVIA INSURANCE
6   SERVICES, INC. (formerly known as FIRST UNION
    INSURANCE SERVICES AGENCY, INC.)

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  MV TRANSPORTATION, INC.,              CASE NO. 03CV 2288 DFL GGH

11              Plaintiff,

12      v.                                 **REPLY MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF MOTION
13  OMNE STAFF LEASING, INC., a            OF DEFENDANT WACHOVIA
    Florida Corporation, OMNE STAFFING,    INSURANCE SERVICES, INC. (formerly
14  INC., a Delaware Corporation,          known as FIRST UNION INSURANCE
    AMERICAN PROTECTION                    SERVICES AGENCY, INC.) FOR
15  INSURANCE COMPANY, an Illinois         SUMMARY JUDGMENT, OR
    Corporation, WACHOVIA                  ALTERNATIVELY, SUMMARY
16  CORPORATION, a company doing           ADJUDICATION OF ISSUES**
    business in North Carolina, WACHOVIA
17  INSURANCE SERVICES, a subsidiary,
    and successor-in-interest to FIRST     Date:        January 11, 2005
18  UNION CORPORATION and FIRST            Time:        10:00 a.m.
    UNION INSURANCE SERVICES               Courtroom:   7
19  AGENCY, INC. and DOES 1 through        Trial Date:  March 28, 2005
    100, inclusive,
20
                Defendants.
21
    OMNE STAFF LEASING SERVICES,
22  INC.

23              Counter-Claimant,

24      v.

25  MV TRANSPORTATION, INC., a
    California Corporation, and ROES 1
26  through 100, inclusive,

27              Counter-Defendants.

28
    786298.1
    ────────────────────────────────────────────────────────
    REPLY POINTS AND AUTHORITIES IN SUPPORT OF WACHOVIA'S MOTION FOR SUMMARY JUDGMENT

# I.
## INTRODUCTION

Plaintiff's Opposition consists entirely of inadmissible opinion and conclusory assertions, a mischaracterization of the evidence proffered by Defendant Wachovia Insurance Service formerly known as First Union Insurance Services Agency, Inc. ("Wachovia"), and deceptive references to "evidence" that either fails to support or contradicts plaintiff's arguments. Plaintiff's Opposition fails to address with admissible evidence *any* of the factual and legal arguments supporting Wachovia's motion for summary judgment or, in the alternative, summary adjudication of issues.

Further, plaintiff's Opposition completely ignores Local Rule 56-260(b), which requires that the opposing party's denial of a material fact in the Separate Statement of Undisputed Facts shall cite to "particular" evidence "relied upon in support of that denial." L.R. 56-260(b).   Instead, plaintiff's Opposition to Wachovia's Separate Statement of Undisputed Facts does not contain a single specific citation to any evidentiary source, and thus requires the Court to scour the record looking for the disputed facts and supporting evidence, which simply does not exist.

Plaintiff's Opposition also fails to recognize the continuing validity of this Court's Order striking plaintiff's Seventh Cause of Action for negligence against Wachovia, which has never been reinstated by the Court.

For all of these reasons, as set forth in more detail below, there is no genuine issue that Wachovia owed no duty to procure workers' compensation insurance for plaintiff or Omne Staff Leasing Services, Inc., and that it did not negligently misrepresent insurance coverage it procured for Omne Staffing, Inc., a separate corporate entity.  Accordingly, Wachovia is entitled to summary judgment, or, alternatively, summary adjudication of issues, on plaintiff's Seventh Cause of Action for negligence, which is the only claim asserted against Wachovia.

/ / /

/ / /

/ / /

786298.1

-1-

## II.
## LEGAL ARGUMENT

### A.    There is no Cause of Action Pending against Wachovia.

Plaintiff refuses to acknowledge this Court's order striking Plaintiff's Seventh and Eighth Causes of Action in the first amended complaint. See Pl's Opp. at pp. 12:25-27:2. By failing to seek leave of court to reinstate the stricken claims, plaintiff has failed to allege any cause of action against Wachovia as a matter of law.

As Wachovia's moving papers demonstrate, the proper basis for seeking leave to amend the pleadings, pursuant to this Court's pre-trial scheduling order and the applicable legal authorities, is a showing of good cause under Rule 16 of the Federal Rules of Civil Procedure. *See* Wachovia's Mem. Ps & As, p. 8:15-19, citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).   Plaintiff's Opposition, on the other hand, cites only Rule 15 and related authorities, which are not material to plaintiff's circumstances.  Pl's Opp. at 13:1-2.  Further, plaintiff's argument that Wachovia failed to join in American Protection Insurance Company's ("AMPICO") motion to strike is immaterial because the Court struck those causes of action without regard to which party requested the relief.  UF No. 6.  Moreover, Wachovia was served with the first amended complaint *after* AMPICO filed its motion to strike, and filed its Answer to the first amended complaint while AMPICO's motion to strike was pending before the Court.  UF No. 6.[1]  Wachovia's Answer raises as its First Affirmative Defense plaintiff's failure to state a claim upon which relief can be granted.  UF No. 2.  As such, Wachovia had no reason to file a subsequent motion to strike plaintiff's Seventh Cause of Action, which is the sole cause of action against Wachovia.

Here, it is undisputed that plaintiff never filed and served a motion to amend the pleadings to add a cause of action against Wachovia after the Court struck its Seventh and Eighth Causes of Action, UF No. 7, nor has the Court granted such an order permitting an amendment to

---

[1]     Wachovia respectfully requests that the Court take judicial notice of the fact that AMPICO's motion to strike the Seventh Cause of Action was filed on March 24, 2004, which was the subject of the Court's May 21, 2004 Order, and the fact that the motion to strike preceded the date Wachovia's Answer was filed, on April 30, 2004. (RJN, Exhibit 5.)

786298.1

1   add a negligence claim against Wachovia.  At this late date, any such motion would require

2   "compelling reasons" for plaintiff's undue delay. *Coleman*, 232 F.3d at 1294.  Since plaintiff has

3   not presented facts showing any reason for its undue delay and dilatory tactics, and there is no

4   motion to amend pending before the Court, the Court should dispose of plaintiff's entire action

5   against Wachovia on this fundamental procedural basis.  *Id.*

6   **B.    Plaintiff's Opposition Fails to Demonstrate a Genuine Issue as to Plaintiff's Negligence Claims against Wachovia.**

7
8           **1.    Plaintiff's Opposition Violates Local Rule 56-260, subdivision (b), by Failing to Cite to Evidence in its Separate Statement of Undisputed Facts, which by itself is a Lawful Basis to Grant Wachovia's Motion for Summary Judgment.**
9

10          Plaintiff's Opposition fails to comply with Local Rule 56-260(b), and this ground

11  alone is sufficient to uphold the granting of summary judgment.  *Carmen v. San Francisco Unif.*

12  *Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Huey v. United Parcel Service, Inc.*, 165 F.3d

13  1084, 1085 (7th Cir. 1999).  Local Rule 56-260(b), which pertains to the opposition to the

14  Separate Statement of Undisputed Facts in support of a motion for summary judgment, states in

15  relevant part as follows:

16          Any party opposing a motion for summary judgment or summary
        adjudication shall reproduce the itemized facts in the Statement of
17          Undisputed Facts and admit those facts which are undisputed and
        deny those which are disputed, *including with each denial a*
18          *citation to the particular portions of any pleading, affidavit,*
        *deposition, interrogatory answer, admission or other document*
19          *relied upon in support of that denial.* The opposing party may also
        file a concise "Statement of Disputed Facts," and the source thereof
20          in the record, of all additional material facts as to which there is a
        genuine issue precluding summary judgment or adjudication.
21

22  (Emphasis added.)

23          Here, plaintiff purports to deny *every fact* proffered by Defendants by presenting

24  two boilerplate sets of conclusory "facts" that are without any specific "citation to the particular

25  portions of any" evidentiary source, in violation of Local Rule 56-260. *See* Pl's Opp. to Sep.

26  Statement ¶¶ 1-51.  Plaintiff's failure to cite to a particular portion of any evidentiary source is

27  fatal, as local rules have the force of law, and summary judgment may be upheld based on a

28  party's failure to comply therewith. *Carmen*, 237 F.3d at 1028-29; *Huey*, 165 F.3d at 1085.  It

786298.1                                    -3-

1   also is well settled that judges are not obliged to comb the record looking for a factual dispute

2   without assistance from the parties. *Carmen*, 237 F.3d at 1028-29; *Huey*, 165 F.3d at 1085.

3   Thus, the same result is reached regardless of whether a local rule applies. *Carmen* at 1029

4   ("[E]ven if an affidavit is on file, a district court need not consider it…unless it is brought to the

5   district court's attention in the opposition to the summary judgment.").

6          Wachovia provided the Court with references to specific evidentiary citations

7   supporting each and every proffered fact in support of this motion. Plaintiff, on the other hand,

8   makes conclusory and general assertions to a total of *three* evidentiary sources – the declaration

9   of plaintiff's counsel of record Mark Ginalski ("Ginalski Dec.)," the declaration of Linda Kind,

10  Wachovia's witness ("Linda Kind Dec"), and "Plaintiff's Request for Judicial Notice, Exhibit A

11  Verified Complaint" pertaining to AMPICO's immaterial allegations against various Omne

12  entities in a different civil lawsuit venued in a different jurisdiction in the state of New Jersey–

13  without any specific citation to a particular portion of the two declarations or the Verified

14  Complaint. Thus, plaintiff fails to address Wachovia's undisputed facts "point-by-point" and "in

15  many respects did not address [Wachovia's] submissions at all." See *Huey*, 165 F.3d at 1085;

16  *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (upholding

17  District Court's discretion to strike plaintiff's responses to defendant's allegations in motion for

18  summary judgment for failure to include facts in separate statement, to cite any part of record to

19  support denial, and for citing entire deposition transcripts rather than specific page references).

20  Plaintiff's effort demonstrates its inability to guide this Court to a disputed issue of fact.

21         Accordingly, plaintiff's Opposition to Wachovia's Separate Statement of

22  Undisputed Facts in Support of its Motion for Summary Judgment should be deemed an

23  admission to each and every one of Wachovia's separate undisputed facts, which remain

24  undisputed, and should be held as a basis for granting summary judgment in favor of Wachovia.

25  *Id.*

26  / / /

27  / / /

28  / / /

**2.   Plaintiff Fails to Present Evidence that Wachovia Agreed to Procure Workers' Compensation Insurance for Plaintiff or Omne Staff Leasing Services, Inc.**

Plaintiff's Opposition fails to present admissible evidence disputing that Wachovia owed no duty to procure workers' compensation insurance for plaintiff or Omne Staff Leasing Services, Inc. ("Omne Staff Leasing Services"). As Wachovia demonstrates in its Separate Statement of Undisputed Facts, with support in deposition testimony and declarations from Robert Cantrell and Linda Kind, Wachovia was asked *and agreed* to procure workers compensation insurance only for Omne Staffing, Inc. ("Omne Staffing"), a completely separate corporation from Omne Staff Leasing Services. *See* UF Nos. 8-30.

Plaintiff's contrary argument on this issue appears in general references within its brief to conclusory, immaterial and inadmissible allegations in a declaration of Barry Sinins, a principal of defendants Omne Staffing and Omne Staff Leasing Services.[2] First, setting aside the admissibility and relevancy of Mr. Sinins' declaration, plaintiff's opposition to Wachovia's Separate Statement of Undisputed Facts makes absolutely no reference to the Sinins declaration. Thus, the parties and the Court are left to guess as to which of Wachovia's undisputed facts, if any, plaintiff disputes by making general references to the Sinins' declaration in its memorandum of points and authorities. As set forth above, Plaintiff's failure to deny the moving party's proffered facts with particularized citations to an evidentiary source in the separate statement violates Local Rule 56-260(b), and should be fatal to plaintiff's Opposition.

Second, plaintiff's assertion that Mr. Sinins *asked* Wachovia broker Robert Cantrell to "procure workers' compensation insurance to replace the Great American policy which extended insurance coverage to both entities" is immaterial, because it does not dispute that Wachovia never *agreed* to procure workers' compensation insurance for Omne Staff Leasing Services. *See* UF No. 30. "(A)n insurance [broker] *who promises* to procure insurance will indeed be liable for his negligent failure to do so…" *Westrick v. State Farm Ins.*, 137 Cal.App.3d

---

[2]     The Court's attention is directed to the fact that Mr. Sinins' Declaration was submitted on the letterhead of plaintiff's counsel, despite the fact that the Omne defendants are being sued by plaintiff and have been represented in this action by the Lewis, D'Amato firm.

685, 691, 187 Cal.Rptr. 214, 218 (1982) (Emphasis added).  Conversely, it follows that a broker

cannot be held liable where there was *no agreement*, or *promise* to procure insurance for a

particular client.  *Id.*[3]

Moroever, a broker owes no duty to volunteer to an insured that the latter should

procure additional or different coverage or "to advise the insured on specific insurance matters."

*See Jones v. Grewe*, 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717, 719 (1987).  This proposition is

based on the rationale that "[o]rdinarily, the person…seeking insurance knows better than the

[broker] the extent of his personal assets and the premium he can afford or is willing to pay."

*Jones*, 189 Cal.App.3d at 956, 234 Cal.Rptr. at 721.  Finally, where it is found that a broker did

not owe a duty owed to a prospective insured, it cannot owe a duty to a party injured by the

prospective insured.  *Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal.App.4th 1437, 1446, 2 Cal.Rptr.2d

683, 689 (1992).

Third, plaintiff's assertion that Mr. Sinins provided various documents, including

"the Great American insurance policy which was to be replaced by the AMPICO [policy] as well

as other financial and corporate records to be used for underwriting," Pl's Opp. at 11:18-20, is

immaterial.  Whether or not Wachovia was provided with a copy of a predecessor policy and

"financial and corporate records" of Omne Staffing does not address the fundamental issue of

whether Wachovia was asked *and agreed* to procure insurance for Omne Staff Leasing Services.

Similarly, Mr. Sinins does not provide a requisite foundation establishing his personal knowledge

of the contents of the Great American Insurance Company policy or specialized legal expertise

that permit him to make a conclusory legal assertion that the policy "included coverage" for "both

entities," i.e., Omne Staffing and Omne Staff Leasing Services.  *See* Sinins Dec., ¶¶ 3, 9.

Moreover, his legal conclusion, even if correct, is immaterial, because Mr. Sinans makes no

allegation that Wachovia agreed to procure insurance for Omne Staff Leasing Services.  Exhibit

A, attached to Mr. Sinins' declaration, is admittedly an incomplete document that contains,

according to Mr. Sinins' declaration, only "salient portions" of the Great American Insurance

---

[3]     *See also, e.g., Neida's Boutique, Inc. v. Gabor & Co.*, 348 So.2d 1196, 1197 (Fla. App. 1977)
(mere allegation that client requested insurance does not establish agreement by broker to procure policy).

786298.1                                                              -6-

1    Company policy. The numerous pages within the incomplete documents, ambiguous on their

2    face, should be struck on that basis. *See* Fed. R. Evid. 106; *see also ECHO Acceptance Corp. v.*

3    *Household Retail Services, Inc.*, 267 F.3d 1068, 1089-90 (10th Cir. 2001) (Rule 106 codifies

4    common law "rule of completeness" permitting exclusion of portions of statements or documents

5    "to shield a party from adverse inferences" and "misleading" evidence).

6          In addition, Mr. Sinins' declaration neither cites to any particular portion of the

7    jumbled assortment of non-integrated and dissimilar-looking documents, from apparently

8    multiple sources, within Exhibit A as the Great American Insurance Company policy itself, nor to

9    a specific page which contains an unambiguous identification of the name[s] of the insured[s], in

10   violation of Local Rule 56-260. Without foundational and admissible evidence that Omne

11   Staffing and Omne Staff Leasing Services, separate corporate entities, were both insureds under

12   the Great American Insurance policy, it is immaterial whether Mr. Sinins *asked* Mr. Cantrell to

13   replace the Great American insurance policy. Moreover, as set forth above, this fact alone does

14   not dispute that Mr. Cantrell never *agreed* to obtain workers compensation insurance coverage for

15   Omne Staff Leasing Services; accordingly, it is immaterial. *See* UF No. 29. Additionally, it is

16   undisputed, and should be conclusive, that Mr. Sinins in fact signed a workers compensation

17   policy procured by Wachovia that expressly covers only Omne Staffing – not Omne Staff Leasing

18   Services or plaintiff. UF No. 23.

19         Lastly, Plaintiff's unfounded assertions in opposition to Wachovia's Separate

20   Statement of Undisputed Facts fail to address any of Wachovia's undisputed facts pertaining to its

21   negligent procurement claim and, alternatively, mischaracterize Defendants' evidence. *See* Reply

22   to Pl's Opp. to UF Nos. 8-30. Specifically, whether Omne Staffing is the *alter ego* of Omne Staff

23   Leasing Services is irrelevant to the material issue of whether Wachovia agreed to procure

24   insurance for Omne Staff Leasing Services.[4] Plaintiff fails to dispute the basic fact that the two

25   ――――――――
     [4]      The alter ego doctrine is an equitable doctrine of vicarious liability under which a corporation may

26   be held liable for the wrongful acts of its subsidiary when the subsidiary is merely a conduit of the parent,
     is appropriately addressed in the New Jersey bankruptcy proceedings against Omne Staffing, the purported

27   parent and alter ego of Omne Staff Leasing Services, the only entity that contracted with plaintiff.
     However, plaintiff presents no authority, as there is none, that the alter ego doctrine may be used to modify

28   an insurance contract to add a named insured. *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d
     1101 (C.D. Cal. 2003) (Under alter ego doctrine, parent corporation may be held liable for acts or

     ――――――――――――――――――――――――――――――――――――――――――――――――――――――――

1   Omne entities are separately incorporated entities and that plaintiff only executed a contract with

2   Omne Staff Leasing Services.  Further, whether plaintiff "alleged that AMPICO should have

3   investigated the relationship between the Omne related entities," Pl's Opp. to UF Nos. 8-30, fails

4   to relate to whether Wachovia had a duty to procure insurance.

5           Similarly, plaintiff's unsupported legal assertion that Wachovia was the authorized

6   agent of AMPICO miscasts undisputed facts.  There is no genuine issue that Wachovia was

7   authorized to issue certificates of insurance on the AMPICO policy, but that does not mean

8   Wachovia was an *authorized agent* of AMPICO.  See UF No. 34.  Plaintiff provides no

9   supporting legal authority for its conclusion.

10          Plaintiff's citation to Linda Kind's declaration also does not support its assertion

11  that plaintiff was named as an insured on any policy.  Plaintiff's citation to Mr. Ginalski as

12  authority for the legal conclusion that "the policy declaration page for the [AMPICO] polic[y]

13  show[s] under item 1 that all entities of Omne Staffing, Inc. *were also insureds*," is not found

14  anywhere in either of Mr. Ginalski's declaration.[5]  Thus, these "facts" lack any evidentiary

15  support and are egregious distortions of Wachovia's proffered evidence.

16          For the reasons set forth above, plaintiff's allegation that Wachovia negligently

17  failed to procure a workers compensation policy for Omne Staff Leasing Services should be

18  summarily adjudicated, where there is no genuine issue that Wachovia agreed only procure an

19  insurance policy for Omne Staffing, a separate corporation entity.[6]  *See* UF Nos. 9-11, 17, 22, 23,

20  obligations of its subsidiary where subsidiary is a mere business conduit for parent); *Sonora Diamond
    Corp. v. Superior Court*, 83 Cal.App.4th 523, 538, 99 Cal.Rptr.2d 824, 836 (2000) ("A corporate identity
21  may be disregarded – the 'corporate veil' pierced--where an abuse of the corporate privilege justifies
    holding the equitable ownership of a corporation liable for the actions of the corporation.").
22

23  [5]     After scouring the record, Wachovia located the only possible statement upon which Mr. Ginalski
    may be relying, which is found in Mr. Ginalski's declaration in support of plaintiff's motion for summary
24  judgment as to AMPICO.  At paragraph 4, he states that "…the information page [of the AMPICO policy]
    indicates that under item 1 the named insured include Omne Staffing, Inc. and the entity of insured as "all
25  other," and that "General Section 'E. Locations' is to cover all workplaces in item 3.a." Wachovia does
    not dispute what is stated by the AMPICO policy information page and cited by Mr. Ginalski in paragraph
26  4 of his declaration in support of plaintiff's motion.  However, these statements fail to support plaintiff's
    conclusion in its Opposition that the AMPICO policy showed that "all entities of Omne Staffing, Inc. were
27  also insureds."

28  [6]     Plaintiff's argument that Wachovia issued "certificates of insurance endorsements and waiver of
    subrogation … which named MV Transportation as an additional insured and/or certificate holder" is

786298.1                                            -8-

1   26, 27, 29.

2       3.      **Plaintiff Fails to Establish a Genuine Issue as to Plaintiff's Negligent**
                **Misrepresentation Claim**
3
                a.      **Plaintiff does not Dispute that an Enforceable Disclaimer Precludes it**
4                       **From Relying on Wachovia's Certificates as a Matter of Law**

5           Plaintiff does not dispute that the valid and enforceable disclaimer language found

6   in all of the Certificates of Insurance issued by Wachovia on the AMPICO policy purchased by

7   Omne Staffing precludes plaintiff, as a matter of law, from relying on certificates of insurance to

8   its detriment. *See* Pl's Opp. to UF Nos. 31-32. Instead, plaintiff makes a contrived argument that

9   the disclaimer language contained on the Certificates of Insurance issued by Wachovia was not

10  *transmitted* to plaintiff, because Wachovia faxed "its certificates and other related documents"

11  and the disclaimer language appears on the reverse side of the certificates. Thus, argues plaintiff,

12  the "disclaimer" language purportedly is not set forth on the face of the document. *See* Ginalski

13  Dec. in Opp. to Wachovia's Motion, ¶ 6; *see also* Pl's Opp. to UF No. 31; *see also* Pl's Opp., p.

14  12:17-23.

15          Plaintiff's contrived argument is conclusively refuted by undisputed evidence.

16  Examination of the Certificates of Insurance and other documents issued by Wachovia on the

17  AMPICO policy clearly shows that the valid disclaimer language appears on the *front pages* of

18  the documents, even if some of them also contained *identical* disclaimers on the reverse side. *See*

19  Kind Dec., Exhibits B and C. Thus, there is no genuine issue that the disclaimers were in fact

20  transmitted to plaintiff and that plaintiff had an opportunity to review them. Therefore, where

21  plaintiff does not challenge the legal authorities submitted by Wachovia, the disclaimer language

22  on the Certificates and other documents issued by Wachovia preclude justifiable reliance by

23  plaintiff as a matter of law, thereby barring its negligent misrepresentation claim. *See American*

24  *Hardware Mutual Ins. Co. v. BIM, Inc.*, 885 F.2d 132, 139-40 (4th Cir. 1989) (purported insured

25  "cannot claim that the disclaimer found on the face of the certificate [of insurance] was

26  ineffective"; it was "plain that [the purported insured] cannot rely on the document [certificate of

27  irrelevant to plaintiff's claim for negligent procurement of insurance. Rather, this assertion, which is
    misleading and misplaced, is addressed below in relation to plaintiff's claim for negligent
28  misrepresentation of insurance coverage, where it is at least relevant.

    786298.1                                          -9-

1  documents to those clients of plaintiff." Pl's Opp. at p. 12:11-13. This assertion is not supported

2  by the declaration of Linda Kind, which is plaintiff's only cited evidence. This misrepresentation

3  is beyond the pale, as it is directly contrary to Ms. Kind's declaration, which asserts that Ms. Kind

4  only provided Certificates and other documents upon the request of the named insured, Omne

5  Staffing. *See* Kind Dec., ¶ 4. Ms. Kind's declaration does not state that she or Wachovia had

6  direct contact with any client of plaintiff.

7        **c.    Alternatively, Plaintiff Cannot Dispute with Admissible Evidence that
            There is No Genuine Issue of Fact That Plaintiff Did Not Actually Rely**

8        **on Wachovia's Certificates of Insurance.**

9        Alternatively, Plaintiff's only evidence that it actually relied on any certificates of

10  insurance is a conclusory statement found in the declaration of plaintiff's counsel, Mark Ginalski,

11  whose statement is directly contradicted by the testimony of his client's agents who were

12  responsible for procuring the workers compensation policy.[8] *See* UF Nos. 44-49. Specifically,

13  Mr. Ginalski asserts that "[t]he issuance [of 'certificates of insurance, endorsements and waivers

14  of subrogation'] by [Wachovia] as authorized agent for AMPICO was relied upon by both MV

15  Transportation and its clients to the detriment of both." Ginalski Dec., ¶¶ 4-6. Mr. Ginalski does

16  not demonstrate he had any independent or personal knowledge as to which employee of his

17  client "relied" on the Certificates. *See* Objection to Declaration of Ginalski, ¶¶ 4-6. Plaintiff's

18  material witnesses – John Biard, plaintiff's general counsel who was primarily responsible for

19  procuring workers compensation coverage, and Julie Harris, plaintiff's workers compensation

20  administrator – denied receiving any documents issued directly by Wachovia, and denied

21  reviewing any documents issued by Wachovia prior to executing its leasing agreement with

22  Omne Staff Leasing Services and before plaintiff replaced the AMPICO workers compensation

23  insurance policy it thought covered Omne Staff Leasing Services – or even before this litigation

24  started. *See* UF Nos. 44-48. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir.

25  1975) (a party's contradictory testimony cannot be used to defeat a motion for summary judgment

26  where the only issue of fact results from the necessity of choosing between the party's two

27  _____

28  [8]      It should be noted that plaintiff did not provide any evidence whatsoever on this issue in its
opposition to Wachovia's Separate Statement of Undisputed Facts.

1  conflicting statements). Thus, plaintiff's assertion is based on inadmissible evidence and cannot

2  oppose summary judgment.

3  ### III.
   ### CONCLUSION

4

5          Based on the foregoing, Wachovia respectfully requests that this Court find, as a

6  matter of law, that Wachovia is entitled to a full and complete dismissal of this action and/or that

7  it is entitled to summary judgment.  Alternatively, Wachovia requests that the Court grant

8  Wachovia summary adjudication as to plaintiff's claim for negligent procurement of insurance

9  and/or negligent misrepresentation of insurance coverage.

10 Dated:  January 4, 2005

11                          KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                            A Professional Corporation

12

13                          By _____

14                              GREGORY J. FISHER, Attorneys for Defendant
                                WACHOVIA INSURANCE SERVICES, INC.

15                              (formerly known as FIRST UNION
                                INSURANCE SERVICES AGENCY, INC.)

16

17

18

19

20

21

22

23

24

25

26

27

28

786298.1

-12-

REPLY POINTS AND AUTHORITIES IN SUPPORT OF WACHOVIA'S MOTION FOR SUMMARY JUDGMENT