1  BRUCE A. SCHEIDT, State Bar No. 155088
   GREGORY J. FISHER, State Bar No. 198004
2  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   A Professional Corporation
3  400 Capitol Mall, 27th Floor
   Sacramento, CA  95814-4416
4  Telephone: (916) 321-4500
   Facsimile: (916) 321-4555
5
   Attorneys for Defendant WACHOVIA INSURANCE
6  SERVICES, INC. (formerly known as FIRST UNION
   INSURANCE SERVICES AGENCY, INC.)
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 | MV TRANSPORTATION, INC., | CASE NO. 03CV 2288 DFL GGH |
|---|---|
| Plaintiff, | |
| v. | **WACHOVIA'S OBJECTION TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO WACHOVIA'S MOTION FOR SUMMARY JUDGMENT** |
| OMNE STAFF LEASING, INC., a Florida Corporation, OMNE STAFFING, INC., a Delaware Corporation, AMERICAN PROTECTION INSURANCE COMPANY, an Illinois Corporation, WACHOVIA CORPORATION, a company doing business in North Carolina, WACHOVIA INSURANCE SERVICES, a subsidiary, and successor-in-interest to FIRST UNION CORPORATION and FIRST UNION INSURANCE SERVICES AGENCY, INC. and DOES 1 through 100, inclusive, | Date: January 11, 2005<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Trial Date: March 28, 2005 |
| Defendants. | |
| OMNE STAFF LEASING SERVICES, INC. | |
| Counter-Claimant, | |
| v. | |
| MV TRANSPORTATION, INC., a California Corporation, and ROES 1 through 100, inclusive, | |
| Counter-Defendants. | |

786575.1                          -1-

Defendant WACHOVIA INSURANCE SERVICES, INC. (formerly known as FIRST UNION INSURANCE SERVICES AGENCY, INC.) hereby objects to the following evidence presented by plaintiff MV Transportation, Inc. in its opposition papers to Wachovia's Motion for Summary Judgment.

## I. DECLARATION OF MARK GINALSKI

**Paragraph 1**: Speculation, opinion, conclusion of fact and hearsay.

Mr. Ginalski's statement fails to establish the foundational facts of his personal knowledge of the facts relevant to the matters to which he testifies in his declaration. Rather, his statement admits that the only basis for his personal knowledge is that he is "an employee of MV Transportation, Inc., and an attorney of record for plaintiff MV Transportation, Inc.," and "one of the attorneys responsible for the handling of this file." Accordingly, Mr. Ginalski's statements throughout his declaration, which are speculative opinion and conclusions of fact based on hearsay, are inadmissible under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted, and/or are speculation.

**Paragraph 2**: Speculation, opinion, conclusion of fact, and hearsay.

Mr. Ginalski's assertions are immaterial as to the negligence theories asserted against Wachovia. In addition, Mr. Ginalski's speculative statements constitute legal and factual conclusions and are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski's statement that Wachovia was an "authorized agent for AMPICO" is not supported by the cited evidence, and he has not established personal knowledge of this fact. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). It was admitted by Wachovia that

it was authorized to issue certificates of insurance in behalf of AMPICO pertaining to the AMPICO policy. (Wachovia's UF No. 34) Mr. Ginalski's statement otherwise misstates the cited evidence. Moreover, Mr. Ginalski has not established he has personal knowledge to assert his opinion that Wachovia (First Union) was "the authorized agent for AMPICO" other than to the extent that it was admitted by the defendants, or that Wachovia was a "dual agent for Plaintiff," which without any evidentiary support is speculation.

**Paragraph 3: Hearsay and relevance.**

Mr. Ginalski's statements are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski fails to establish that he has personal knowledge of this fact. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). Further, Mr. Ginalski's statement misstates the cited evidence, including the "Separate Statement of Undisputed Facts" (presumably Wachovia's) and Linda Kind's declaration, which do not support this general assertion. Further, this statement is not relevant because, even if true, the documents pertaining to the AMPICO policy that Wachovia (First Union) issued contained valid disclaimers and were accurate as to the AMPICO policy. *See* Wachovia's UF Nos. 31-42 and supporting evidence.

**Paragraph 4: Hearsay and relevance.**

Mr. Ginalski's statements are inadmissible under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski fails to establish that he has personal knowledge of this fact. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an

attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). The cited testimony does not constitute Mr. Ginalski's personal knowledge and is therefore inadmissible. Further, Mr. Ginalski's vague references to Ms. Kind's declaration and Mr. Cantrell's deposition misstate the evidence. Neither Ms. Kind nor Mr. Cantrell testified that Wachovia (First Union) worked with any clients of MV Transportation or that they did so "to ensure that endorsements and other related documents were prepared correctly." Also, even if Wachovia worked with clients of MV Transportation, this is irrelevant because, even if true, the documents pertaining to the AMPICO policy that Wachovia (First Union) issued contained valid disclaimers and were accurate as to the AMPICO policy. *See* Wachovia's UF Nos. 31-42 and supporting evidence.

**Paragraph 5: Speculation, opinion, conclusion of fact and hearsay**.

Mr. Ginalski's statements are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski does not establish that he has personal knowledge of how plaintiff relied on the issuance of certificates of insurance or other documents pertaining to the AMPICO policy. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). Mr. Ginalski's only proffered foundation for this statement is that he is "an employee of MV Transportation, Inc., and an attorney of record for plaintiff MV Transportation, Inc.," and "one of the attorneys responsible for the handling of this file." Thus, this statement is speculation and unsupported opinion.

In addition, this statement is directly contradicted by the sworn deposition

786575.1

-4-

testimony of plaintiff's witnesses John Biard and Julie Harris. *See* Wachovia's UF Nos. **44** (citing Deposition of John Biard, Vol. II, pp. 91:5-96:2; Deposition of Julie Harris, Vol. II, pp.48: 15-50:3, 51:10-14, 98:21-27, 99:27-100:14); **45** (citing Deposition of John Biard, Vol. II, pp. 40:16-27, 54:6-56:15; Deposition of Julie Harris, Vol. II, pp. 23:26-26:6); **46** (citing Deposition of John Biard, Vol. II, pp. 8:17-12:21, 54:13-56:15); **47** (citing Deposition of John Biard, Vol. I, pp. 135:21-137:23; Deposition of John Biard, Vol. II, pp. 91:5 – 95:5); and **48** (citing Deposition of John Biard, Vol. II, pp.91: 5-96:2; Deposition of Julie Harris, Vol. II, pp. 48:15 – 50:3, 51:10-14, 98:21-27, 99:27-100:14). All deposition testimony cited was lodged and filed with the Court with Wachovia's moving papers.

**Paragraph 6: Speculation, opinion, conclusion of fact and hearsay.**

Mr. Ginalski's statements are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski does not establish that he has personal knowledge of how plaintiff received and/or relied on the issuance of certificates of insurance or other documents pertaining to the AMPICO policy. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). Specifically, Mr. Ginalski does not state that he received the certificates of insurance from Wachovia (First Union). Mr. Ginalski's only proffered foundation for this statement is that he is "an employee of MV Transportation, Inc., and an attorney of record for plaintiff MV Transportation, Inc.," and "one of the attorneys responsible for the handling of this file." Further, Mr. Ginalski's cited evidence contradicts, and therefore does not support, his statement. Specifically, all of the certificates of insurance and other documents submitted by Linda Kind with her declaration, including those that plaintiff produced in discovery during this litigation, contain disclaimers on the face of the document. *See* Exhibits B and C to Kind

Declaration. Thus, this incorrect statement of fact is inaccurate speculation and unsupported opinion.

**Paragraph 7: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 8: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 9: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 10: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 11: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 12: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 13: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 14: Speculation, opinion, conclusion of fact, hearsay and relevance.**

Mr. Ginalski's statements are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski does not establish that he has

personal knowledge of Wachovia's (First Union) business relationship with AMPICO or Wachovia's knowledge of various certificates of insurance, endorsements and waivers or subrogation issued on behalf of MV Transportation and/or its client. Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for summary judgment that "supporting affidavits were made by an attorney and presented facts not within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit which fails to establish attorney's personal knowledge of averments was hearsay or speculation and, thus, inadmissible). Specifically, Mr. Ginalski's only proffered foundation for this statement is that he is "an employee of MV Transportation, Inc., and an attorney of record for plaintiff MV Transportation, Inc.," and "one of the attorneys responsible for the handling of this file." Further, Mr. Ginalski's cited evidence does not support his general statement that Wachovia was the authorized agent for AMPICO.

Rather, Wachovia was authorized by AMPICO to issue certificates of insurance pertinent to the AMPICO policy and did so only for the named insured, Omne Staffing. *See* Wachovia's UF Nos. 34 through 36 (citing Declaration of Robert Cantrell, ¶¶ 10-11, Declaration of Linda Kind, ¶ 3; Deposition of Linda Kind, pp.149:2-150:3; Information Page and AMPICO workers' compensation and employer's liability policy No. 5BR085107 00 issued to Omne Staffing, Inc. for the policy period of July 31, 2002 to July 31, 2003, incorporated as Exhibit A to the Index of Exhibits and authenticated in the Declaration of John Knoebel in Support of Motion of Defendant AMPICO for Summary Judgment. (RJN Exhibit 12.))

**Paragraph 15: Speculation, opinion, hearsay and relevance.**

Mr. Ginalski's statements are inadmissible hearsay under Federal Rules of Evidence 802 and 805 because they are based on out-of-court statements and/or documents offered to prove the truth of the matter asserted. Mr. Ginalski does not establish that he has personal knowledge of whether Wachovia (First Union) prepared "special endorsements on behalf of MV Transportation... *as authorized agent for AMPICO.*" Fed. R. Civ. P. 56(e); *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (holding in motion for

1  summary judgment that "supporting affidavits were made by an attorney and presented facts not
2  within his personal knowledge" contrary to Rule 56(e) requirement); *Wright v. Paul Revere Life
3  Ins. Co.*, 291 F.Supp.2d 1104, 1109, fn. 3 (C.D. Cal. 2003) (holding that attorney's affidavit
4  which fails to establish attorney's personal knowledge of averments was hearsay or speculation
5  and, thus, inadmissible). Specifically, Mr. Ginalski's only proffered foundation for this statement
6  is that he is "an employee of MV Transportation, Inc., and an attorney of record for plaintiff MV
7  Transportation, Inc.," and "one of the attorneys responsible for the handling of this file." His
8  opinion that Wachovia was an authorized agent of AMPICO is speculation and inadmissible.
9  Further, whether Wachovia issued endorsements naming MV Transportation as an alternate
10 employer is immaterial to whether Wachovia negligently misrepresented insurance coverage. Mr.
11 Ginalski's cited evidence, Exhibit 80 to Linda Kind's declaration, does not support this assertion,
12 and is contradicted by Wachovia's undisputed facts, which establish that every document
13 Wachovia ever issued pertaining to the AMPICO policy accurately lists the "Insured" as "Omne
14 Staffing, Inc." *See* Wachovia UF No. 37 (citing Exhibits B and C to Kind Dec.)

**Paragraph 16: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 17: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 18: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 19: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 20: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and

therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 21: Relevance**.

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 22: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 23: Relevance**.

Mr. Ginalski admits the essential facts of Wachovia's UF Nos. 1-7 in this statement, which renders this statement immaterial. Moreover, after the Court struck the Seventh Cause of Action against Wachovia, there was no need for Wachovia to move to strike a cause of action that was not pending against it. Nor was Wachovia required to file a motion to dismiss for failure to state a cause of action. Thus, this statement is immaterial to the procedural status of plaintiff's causes of action against Wachovia and thus inadmissible.

II.     **DECLARATION OF BARRY SININS**

**Paragraph 1: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 2: Relevance.**

This statement is immaterial to **plaintiff's** negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 3 and Exhibit A: Relevance, speculation, incomplete document (Fed. R. Evid. 106).**

Mr. Sinins' statement is **immaterial**, because it does not dispute that Wachovia never *agreed* to procure workers' compensation insurance for Omne Staff Leasing Services. *See* UF No. 30. "(A)n insurance [broker] *who promises* to procure insurance will indeed be liable for his negligent failure to do so…" *Westrick v. State Farm Ins.*, 137 Cal.App.3d 685, 691, 187

Cal.Rptr. 214, 218 (1982) (Emphasis added). Conversely, it follows that a broker cannot be held liable where there was *no agreement*, or *promise* to procure insurance for a particular client. *Id.*

   Mr. Sinins does not provide a requisite foundation establishing his personal knowledge of the contents of the Great American Insurance Company policy or specialized legal expertise that permit him to make a conclusory legal assertion that the policy "included coverage" for "both entities," i.e., Omne Staffing and Omne Staff Leasing Services. Moreover, his legal conclusion, even if correct, is immaterial, because Mr. Sinins makes no allegation that Wachovia agreed to procure insurance for Omne Staff Leasing Services. Exhibit A, attached to Mr. Sinins' declaration, is admittedly an incomplete document that contains, according to Mr. Sinins' declaration, only "salient portions" of the Great American Insurance Company policy. The numerous pages within the incomplete documents, ambiguous on their face, should be struck on that basis. *See* Fed. R. Evid. 106; *see also ECHO Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1089-90 (10th Cir. 2001) (Rule 106 codifies common law "rule of completeness" permitting exclusion of portions of statements or documents "to shield a party from adverse inferences" and "misleading" evidence).

   Mr. Sinins' declaration neither cites to any particular portion of the jumbled assortment of non-integrated and dissimilar-looking documents, from apparently multiple sources, within Exhibit A as the Great American Insurance Company policy itself, nor to a specific page which contains an unambiguous identification of the name[s] of the insured[s], in violation of Local Rule 56-260. Without foundational and admissible evidence that Omne Staffing and Omne Staff Leasing Services, separate corporate entities, were both insureds under the Great American Insurance policy, it is immaterial whether Mr. Sinins *asked* Mr. Cantrell to replace the Great American insurance policy. Moreover, as set forth above, this fact alone does not dispute that Mr. Cantrell never *agreed* to obtain workers compensation insurance coverage for Omne Staff Leasing Services; accordingly, it is immaterial. Additionally, it is undisputed, and should be conclusive, that Mr. Sinins in fact signed a workers compensation policy procured by Wachovia that expressly covers only Omne Staffing – not Omne Staff Leasing Services or plaintiff. UF No. 23.

786575.1

-10-

**Paragraph 4: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 5: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 6: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 7: Relevance.**

Mr. Sinins' statement is immaterial, because it does not dispute that Wachovia never *agreed* to procure workers' compensation insurance for Omne Staff Leasing Services. *See* UF No. 30. "(A)n insurance [broker] *who promises* to procure insurance will indeed be liable for his negligent failure to do so..." *Westrick v. State Farm Ins.*, 137 Cal.App.3d 685, 691, 187 Cal.Rptr. 214, 218 (1982) (Emphasis added). Conversely, it follows that a broker cannot be held liable where there was *no agreement*, or *promise* to procure insurance for a particular client. *Id.*

Accordingly, this statement is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 8 and Exhibit B: Relevance and lack of foundation.**

Mr. Sinins' statement is immaterial, because it does not dispute that Wachovia never *agreed* to procure workers' compensation insurance for Omne Staff Leasing Services. *See* UF No. 30. "(A)n insurance [broker] *who promises* to procure insurance will indeed be liable for his negligent failure to do so..." *Westrick v. State Farm Ins.*, 137 Cal.App.3d 685, 691, 187 Cal.Rptr. 214, 218 (1982) (Emphasis added). Conversely, it follows that a broker cannot be held liable where there was *no agreement*, or *promise* to procure insurance for a particular client. *Id.*

Additionally, with respect to Exhibit B attached to his declaration, Mr. Sinins fails to provide any foundation for the various pages of documents contained therein. Exhibit B appears to consist of some documents that were produced during discovery in this lawsuit by

various parties from various sources, some of which were used in various depositions, as well as documents that no party to this litigation has produced during discovery or authenticated (i.e., "OMNE-0148 – OMNE-0150," "Exhibit 62" to Van Kleeff Depo., October 13, 2004). Neither Mr. Sinins nor plaintiff has properly authenticated these documents. Moreover, Mr. Sinins failed to provide any foundation from which it can be determined that the documents contained in Exhibit B are copies of the documents that were provided to Mr. Cantrell, or alternatively that they are merely representative of the types of documents that were provided. Moreover, he has failed to provide foundation as to whether the documents constitute the complete set of documents provided to Mr. Cantrell and, if so, when they were provided. Therefore, it is impossible to discern, for example, when certain documents were created.

Accordingly, Exhibit B, attached to Mr. Sinins' declaration, contains several incomplete documents which may or may not pertain to the negligence allegations against Wachovia. Without the proper foundation for these documents, Exhibit B is a grouping of disparate and incomplete documents. The numerous pages within the incomplete documents, ambiguous on their face and as a grouping, should be struck on that basis. *See* Fed. R. Evid. 106; *see also ECHO Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1089-90 (10th Cir. 2001) (Rule 106 codifies common law "rule of completeness" permitting exclusion of portions of statements or documents "to shield a party from adverse inferences" and "misleading" evidence).

Accordingly, Mr. Sinins' statement and the contents of Exhibit B are inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 9: Relevance and speculation.**

Mr. Sinins' statement is immaterial, because it does not dispute that Wachovia never *agreed* to procure workers' compensation insurance for Omne Staff Leasing Services. *See* UF No. 30. "(A)n insurance [broker] *who promises* to procure insurance will indeed be liable for his negligent failure to do so..." *Westrick v. State Farm Ins.*, 137 Cal.App.3d 685, 691, 187 Cal.Rptr. 214, 218 (1982) (Emphasis added). Conversely, it follows that a broker cannot be held liable where there was *no agreement*, or *promise* to procure insurance for a particular client. *Id.*

786575.1                                                    -12-

Additionally, Mr. Sinins does not provide a requisite foundation establishing his personal knowledge of, or specialized legal expertise to explain, the contents of the Great American Insurance Company policy that permit him to make a conclusory legal assertion that the policy "included coverage" for both Omne Staffing and Omne Staff Leasing Services. Accordingly, this statement is inadmissible as to Wachovia's motion.

Moreover, Mr. Sinins' statement pertaining to employee leasing is immaterial to plaintiff's negligence claims against Wachovia and, thus, is inadmissible.

**Paragraph 10: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 11: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 12: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 13: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 14: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 15: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 16: Relevance.**

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

**Paragraph 17**: Relevance.

This statement is immaterial to plaintiff's negligence claims against Wachovia and therefore is inadmissible as to Wachovia's motion for summary judgment.

Dated: January 4, 2005

                              KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                              A Professional Corporation

By _____
                              Gregory J. Fisher
                              Attorneys for Defendant WACHOVIA
                              INSURANCE SERVICES, INC. (formerly known
                              as FIRST UNION INSURANCE SERVICES
                              AGENCY, INC.)