JOHN A. BIARD, State Bar No. 158229
BIARD & ASSOCIATES
360 Campus Lane, #201
Fairfield, CA 94585-1400
Telephone: (707) 863-0146
Facsimile: (707) 863-8169

Attorneys for Plaintiff MV TRANSPORTATION, INC.


BRUCE A. SCHEIDT, State Bar No. 155088
MARK A. WASSER, State Bar No. 60160
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
400 Capitol Mall, 27th Floor
Sacramento, CA 95814-4416
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Defendant WACHOVIA INSURANCE SERVICES, INC. (formerly known as FIRST UNION INSURANCE SERVICES AGENCY, INC.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MV TRANSPORTATION, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>OMNE STAFF LEASING, INC., et al.<br><br>          Defendants. | CASE NO. 03CV 2288 DFL GGH<br><br>**STIPULATION AND REQUEST FOR VOLUNTARY DISMISSAL OF DEFENDANT WACHOVIA INSURANCE SERVICES, INC. (fka FIRST UNION INSURANCE SERVICES AGENCY, INC.) WITH PREJUDICE, AND [PROPOSED] ORDER** |
| OMNE STAFF LEASING SERVICES, INC.<br><br>          Counter-Claimant,<br><br>     v.<br><br>MV TRANSPORTATION, INC., a California Corporation, and ROES 1 through 100, inclusive,<br><br>          Counter-Defendants. | |

///

795762.1

-1-

1         WHEREAS, Plaintiff MV TRANSPORTATION, INC. ("MV") and WACHOVIA
2 INSURANCE SERVICES, INC. (fka FIRST UNION INSURANCE SERVICES AGENCY,
3 INC.) ('WACHOVIA"), by and through their respective counsel, stipulate that WACHOVIA
4 shall be dismissed with prejudice from this action and that, as between MV and WACHOVIA
5 only, MV and WACHOVIA shall bear their own attorney fees and costs.

6         WHEREAS, there are no other claims or counter-claims pending by or against
7 WACHOVIA, with the sole exception of MV's seventh cause of action against WACHOVIA, as
8 set forth in MV's First Amended Complaint.

9         WHEREAS, The Court granted Defendant AMERICAN PROTECTION
10 INSURANCE CO.'s ("AMPICO") motion for summary judgment as to all of MV's claims
11 against AMPICO, in its Opinion and Order dated March 22, 2005.

12         WHEREAS, AMPICO has filed a motion for "[Proposed] Order Granting Motion
13 for Entry of Final Judgment In Favor of Defendant American Protection Insurance Company,"
14 which has been submitted pursuant to Local Rule 78-230(h) on April 27, 2005.

15         WHEREAS, Defendant Omne Staffing, Inc. d/b/a Staffing Services Group and
16 Defendant/Counter-Claimant Omne Leasing Services, Inc. each filed Chapter 11 bankruptcy
17 petitions in U.S. Bankruptcy Court, D.N.J., and have served and filed Notices of Filing of Chapter
18 11 Proceedings and Automatic Stay in this case.

19         WHEREAS, on or about December 13, 2004, the U.S. Bankruptcy Court, D.N.J.,
20 entered an order, a true and correct copy of which has been filed in this action, modifying the
21 automatic stay imposed by 11 U.S.C. § 362(a) to permit the remaining parties to this action to
22 determine, in relevant part, the issues of "whether or not Movant Wachovia negligently failed to
23 procure workers' compensation insurance for MV Transportation, Inc. and/or negligently issued
24 Certificates of Insurance or other documents evidence insurance coverage to MV Transportation,
25 Inc."
26 ///
27 ///
28 ///

795762.1         -2-

NOW THEREFORE, MV respectfully requests the Court to dismiss WACHOVIA with prejudice from this action pursuant to FRCP 41(a)(2) upon such terms that WACHOVIA and MV shall bear their own attorney fees and costs with respect to each other only.

Dated: April 28, 2005

        KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
        A Professional Corporation

        By   /s/ Bruce A. Scheidt
             Bruce A. Scheidt
             Attorneys for Defendant WACHOVIA
             INSURANCE SERVICES, INC. (formerly known
             as FIRST UNION INSURANCE SERVICES
             AGENCY, INC.)

Dated: April 28, 2005

        JOHN BIARD AND ASSOCIATES

        By   /s/ John A. Biard
             John A. Biard, Attorneys for Plaintiff
             MV TRANSPORTATION, INC.

**The filer attests that concurrence in the filing of this document has been obtained from each of the signatories.**

**ORDER**

The parties having stipulated herein as set forth above, and good cause appearing;

IT IS ORDERED that Defendant WACHOVIA INSURANCE SERVICES, INC. (formerly known as FIRST UNION INSURANCE SERVICES AGENCY, INC.) shall be and is hereby dismissed with prejudice from this action.

Date: April 29, 2005       /s/ David F. Levi
                                   David F. Levi, United States District Judge

# PROOF OF SERVICE

I, Bao Xiong, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, 27th Floor, Sacramento, CA 95814-4416. On April 28, 2005, I served the within documents:

**STIPULATION AND REQUEST FOR VOLUNTARY DISMISSAL OF DEFENDANT WACHOVIA INSURANCE SERVICES, INC. (fka FIRST UNION INSURANCE SERVICES AGENCY, INC.) WITH PREJUDICE, AND [PROPOSED] ORDER**

☐ by transmitting via facsimile from (916) 321-4555 the above listed document(s) without error to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmittal/confirmation sheet is attached.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Attorney for MV Transportation, Inc.**
Arthur J. Levine, Esq.
Law Office of Arthur J. Levine
2067 Smokewood Avenue
Fullerton, CA 92831

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 28, 2005, at Sacramento, California.

/s/ Bao Xiong
Bao Xiong

795762.1

-1-